# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>SHERIFF WILLIAM GORE,<br><br>　　　　　　　　　　　Defendant. | Case No. 22-cv-527-MMA (NLS)<br><br>**ORDER SUA SPONTE REMANDING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |

On April 15, 2022, Defendant Sheriff William Gore filed a notice of removal from the Superior Court for the County of San Diego.  *See* Doc. No. 1 ("Notice of Removal").  For the reasons set forth below, the Court *sua sponte* **REMANDS** this case to the Superior Court of California for the County of San Diego for lack of subject matter jurisdiction.

## LEGAL STANDARD

Federal courts are of limited jurisdiction.  *Lowdermilk v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 997 (9th Cir. 2007).  Federal courts possess only that power authorized by the Constitution or a statute.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  The Court is constitutionally required to raise issues related to federal

subject matter jurisdiction and may do so *sua sponte*. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). Removal jurisdiction is governed by 28 U.S.C. § 1441, *et seq.* A state court action can only be removed if it could have originally been brought in federal court. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). Thus, for an action to be removed on the basis of federal question jurisdiction, the complaint must establish either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of substantial questions of federal law. *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 10–11 (1983).

"The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Nishimoto v. Federman-Bachrach & Assocs.*, 903 F.2d 709, 712 n.3 (9th Cir. 1990). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Whether federal jurisdiction exists is governed by the well-pleaded complaint rule. *Caterpillar*, 482 U.S. at 392. The well-pleaded complaint rule is a "powerful doctrine [that] severely limits the number of cases in which state law 'creates the cause of action' that may be initiated in or removed to federal district court . . . ." *Franchise Tax Bd.*, 463 U.S. at 9–10. Under this rule, the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *accord Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002).

## DISCUSSION

Upon review of Defendant's Notice of Removal and the attached Complaint, the Court finds it appropriate to *sua sponte* remand the case to state court because the Notice of Removal and attached Complaint fail to establish a proper basis for the Court's subject matter jurisdiction.

In his Notice of Removal, Defendant asserts that removal was proper under 28 U.S.C. § 1331 because "Plaintiff's Complaint alleges that Sheriff Gore, in his official and personal capacities, violated Plaintiff's First Amendment rights by impeding his ability to seek meaningful redress with the Court." Doc. No. 1 at 2. However, Plaintiff does not allege that Defendant violated his First Amendment rights, nor does Plaintiff allege a cause of action under 42 U.S.C. § 1983. Instead, Plaintiff asserts various causes of action arising solely under California law in a well-pleaded Complaint. He brings claims for violations of the California Constitution, California Government Code, Unruh Act, Bane Act, and Ralph Act, *see* Doc. No. 1-4 at 5–10, but no claims arising under federal law. Plaintiff is "the master of his complaint," and as such may "avoid federal jurisdiction by pleading solely state-law claims." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Balcorta v. Twentieth Century-Fox Film Corp.*, 208 F.3d 1102, 1106 (9th Cir. 2000)); *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005). He has done so here, and that Plaintiff's factual allegations could have given rise to a claim under federal law does not create federal question jurisdiction. *See Schmid v. City of Petaluma*, No. C 11-05238 CRB, 2012 U.S. Dist. LEXIS 14141, at *5 (N.D. Cal. Feb. 6, 2012).

Further, although not raised by Defendant, a review of the Notice of Removal and Complaint reveals that subject matter jurisdiction is not proper under the *Grable* doctrine, *see Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (framing the essential question as: "[D]oes a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"), nor is there diversity jurisdiction over this matter, *see* 28 U.S.C. § 1332.

## CONCLUSION

For the foregoing reasons, the Court finds that it lacks subject matter jurisdiction over this action and **REMANDS** to the Superior Court of California for the County of

1  San Diego. The Court **DIRECTS** the Clerk of Court to return the case to state court
2  forthwith and close this action.
3       **IT IS SO ORDERED**.
4  Dated: April 20, 2022

                      HON. MICHAEL M. ANELLO
                      United States District Judge